Burket, J.
It is not necessary to determine as to the weight of the evidence in this case, because the ease can be disposed of upon a construction of the written documents and the undisputed facts.
As any business man would understand the transaction, when thinking honestly without reference to technicalities, the company issued its bonds secured by mortgagee, and put them into the hands of its president in trust to be sold for cash with which to take up its fifteen thousand dollars of outstanding bonds, and make certain improvements at its works. John Devor, in his testimony, *557 says that the company owned the bonds, and that he held them as trustee to sell. There is nothing in the ease to contradict this, and upon the face of the transaction this must be true.
As John 'Devor received and held the bonds as trustee for the company, he could get rid of them only in one of three ways; either execute his trust and sell the bonds, or end his trust by returning the bonds to the company, or by disposing of the bonds in some other way by order of the board of directors.
He did neither. He pledged this bond number 17 as collateral security to indemnify the defendants against loss as sureties on his note. This was in violation of his trust, and as to parties with notice gave no title to the bond.
But defendants claim in their answer that they are innocent holders of the bond for value and without notice of the trust, but admit that they received it from John Devor as collateral to indemnify them against loss as his sureties on his individual note.
It conclusively appears by record evidence, that the defendant, Shuffelton, was at and before the adoption ofsaid resolution and the issuing of said bonds, a director of said gas company, and that the defendant, Reis, was a stockholder, and had been a director the two years immediately preceding that time. The record shows that Mr. Shuffelton was not present at the meeting at which the resolution was passed authorizing the issuing of the bonds. But that fact does not aid him. When it comes to dealing in the property of a corporation, a director is charged with notice of all that has transpired at the meetings of the board of directors. He is *558 not allowed in such case to plead ignorance or want of notice or knowledge.
Mr. Reis was a stockholder, and had been a director, but the law does not charge him with notice as it does a director, and it may be possible that he acted in good faith and without notice, and if so he should be protected.
The rule of law applicable in this ease to Mr. Reis, a stockholder, and to Mr. Shuffelton, a director, is well expressed in the case of ex pcui'te Brown, 19 Beav., 97, thus: “In a former case (16 Beav., 500), I held that a shareholder of the company is not bound to have knowledge of what is contained in the books of the company; * * * but as regards the directors of a company, the case stands on a totally different footing. A person when he becomes a director accepts a trust which he undertakes to perform for the benefit of the company. If in the due performance of that trust, he must necessarily have acquired certain knowledge, it appears to me but fit that he should be charged with the knowledge of those facts which it was his duty to have become acquainted with. It is merely saying that a person shall be held to know that which it was his bounden duty to know. It appears to me that Mr. Brown .was bound to know what took place at the meetings of the board of directors, of which he was a member. * * * I must hold Mr. Brown to have had knowledge of that of which he ought to have known, and whether he had actual knowledge of it or not, is, in my opinion, immaterial for the present purpose.”
. To same effect is Merchants Bank v. Rudolf 5 Neb., 527, in which it is held that “Whatever knowledge a director has or ought to have officially, *559 he has, or will be conclusively presumed at law to have, as a private individual. ” To the same effect is Brown v. Finn, 34 Fed. Reporter, 124.
John Devor had no power to pledge the bond for his own debt while he held it in trust for sale as trustee for the company, and with the knowledge with which Mr. Shuffelton stood charged, he had no power to acquire the bond from Mr. Devor, except by a sale made to him by Mr. Devor under his authority as such trustee. The knowledge which Mr. Shuffelton acquired, and with which he stood charged while he was a director, adhered to him thereafter as to his dealings with the trust property of the company. He therefore had notice at the time he received the bond, and he cannot be regarded as an innocent holder.
It was attempted at the trial, to show that Mr. Devor had expended some money of his own for the gas company, and was therefore entitled to hold this bond as his own to reimburse himself. This cannot be tolerated. He received the bond in trust for sale, and he was bound to hold it in trust until he sold it, or until by action of the board of directors he purchased the bond from them, or was by their action otherwise relieved of the triist. He could not deal in the trust property with himself as president. If he spent money for the benefit of the gas company, it may -have become his debtor therefor, but he could not of his own motion take a bond held by him in trust, and apply it in payment of such debt. In such case, to make the bond his property, would take the action of the board of directors. No such action was had, and therefore he held the bond in trust at the time he pledged it; and as Mr. Shuffelton knew that fact, or at least is chargeable with such *560 knowledge, he also received and holds the bond in trust for the company, and if he has disposed of it, he should-make compensation therefor.
And if Mr. Reis had notice of the trust relation with which Mr. Devor held the bond, he also received and holds the bond in trust for the company, and should be held to return the same, or make compensation. Whether or not Mr. Reis is chargeable with notice, under all the circumstances, may involve a weighing of the evidence, and that might well be left to the court below. His dealings in the bonds of his company received from its president for his individual benefit, and to the detriment of the stockholders, should be closely scrutinized, and if he had notice of the trust, or knowledge of facts which would charge him with notice, he had no right to receive the bond as collateral, and having so received it, he holds it in trust for the company. He was bound to know that an officer cannot use the securities belonging to the company, for his own benefit.
It is urged that the case cannot be maintained in equity, but should be at law, by way of defense to the bond.
The'facts disclosed in the record, as claimed by the plaintiff, make this an action by a corporation against a director and stockholder, who hold a bond of the corporation in trust, but claim to hold it in their own right; and in such cases equity will always interfere to compel the delivery to the corporation of such bond so held in trust. If the pleadings are not sufficiently specific and certain, leave should be granted to amend so as to conform to the real facts of the case.
When it appeared that Mr. Shuffelton was a director, the circuit court should have held that he *561 was charged with notice of the fact that John Devor held the bond in trust, and with such notice on his part, the judgment should have been against him, and as it was not, the judgment is contrary to law. Ford v. Osborne, 45 Ohio St., 1. The judgment in favor of both defendants must therefore be reversed, and a new trial granted; and if upon such trial it should appear that Mr. Reis, under all the circumstances, is entitled to hold said bond to indemnify him for one-half of the amount of said note, a decree can be entered protecting his rights, and also the rights of the gas company; but should it appear that Mr. Reis, under all the circumstances, is chargeable with notice, then a decree should be rendered against both defendants for the surrender of the bond, of-for compensation.
Judgment reversed and cause remanded.